IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE RESHARD BATISTE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-852-B (BT) |
| | § | |
| LORIE DAVIES, *Director*, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Andre Batiste, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be denied.

I.

In 2000, Petitioner was convicted of aggravated robbery in four separate cases and sentenced to a total of twenty-eight years in prison. *State of Texas v. Andre Reshard Batiste*, Nos. F-9947066-RH, F-9947067-RH, F-9947068-RH, and F-9947069-RH (Crim. Dist. Ct. No. 1, Dallas County, Tex., June 14, 2000). Seven years later, the Parole Board ("Board") denied Petitioner release on parole. Petitioner filed a state habeas petition challenging the Board's decision to deny him parole and the Board's decision to deny him placement in a rehabilitation program. *Ex parte Batiste*, No. 87,948-01. On February 7, 2018, the Court of Criminal Appeals denied the state habeas petition without written order. Petitioner then filed his § 2254 petition, in which he argues:

1. Respondent and the Board violated his right to due process by failing to follow the mandatory language in §§ 508.152 and 500.004 of the Texas Government Code, which made him ineligible for parole;

2. Respondent and the Board violated mandatory TDCJ policy by failing to place him in the FI-R vote rehabilitation program;

3. Respondent and the Board violated his constitutional rights when they failed to enroll him in the FI-R vote rehabilitation program.

II.

**1. Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to

that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### 2.   Parole and Rehabilitation

Petitioner argues he has a constitutional right to release on parole. Under Texas law, however, a prisoner does not have a liberty interest in parole or a constitutional expectancy of early release on parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (no right to be released on parole in Texas). Petitioner therefore fails to raise a constitutional violation regarding his parole claims.

Petitioner also claims he has a constitutional right to participate in TDCJ rehabilitation programs. Prisoners, however, generally have no constitutionally-protected property or liberty interest in participating in rehabilitation programs. *Moody v. Doggett*, 429 U.S. 78, 88 n.9 (1976); *Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Petitioner argues that mandatory language in the TDCJ's Rehabilitation Placement Program created a constitutional right to participate in a rehabilitation program. The Rehabilitation Placement Program,

however, is only available once the Board determines that the totality of the circumstances favors the offender's release on parole. *See* Tex. Admin. Code § 145.12(4). Here, the Board did not determine that the totality of the circumstances favored Petitioner's release on parole. Instead, the Board denied Petitioner release on parole. (*See* ECF No. 17-2 at 4.) Petitioner's claim should be denied.

### 3.   State Law Claims

Finally, Petitioner argues Respondent's and the Board's decision to deny him parole and access to rehabilitation programs violated Texas Government Code §§ 508.152 and 500.001, as well as TDCJ policy. But federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See* 28 U.S.C. § 2254(a) (stating the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States."); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Petitioner's challenges to violations of state law and TDCJ policy are not cognizable under § 2254 and should be denied.

### III.

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally-protected interest. Accordingly, the state courts' determination to deny relief is not contrary to, nor does it involve, an unreasonable application of clearly-established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, the Court should DENY the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Signed May 20, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

5